## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-06866-SVW-FFM | Date | 11/13/19 |
| Title | *Hermila Perez v. Ford Motor Company et al* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER DENYING PLAINTIFF'S MOTION TO REMAND [15]

### I. Introduction and Background

On July 2, 2019, Plaintiff Hermila Perez ("Plaintiff") filed this lawsuit against Defendants Ford Motor Company ("Ford Motor") and Fremont Ford ("Fremont Ford"). Dkt. 1-2. Plaintiff asserts claims against Ford Motor for: (1) violation of Cal. Civ. Code § 1793.2(d); (2) violation of Cal. Civ. Code § 1793.2(b); (3) violation of Cal. Civ. Code § 1793.2(a)(3); (4) breach of an express written warranty; and (5) breach of the implied warranty of merchantability. *Id.*

On August 7, 2019, Defendants removed the action to this Court. Dkt. 1. The alleged basis for removal was diversity of citizenship. *Id.* Plaintiff now moves to remand the action to state court on the ground that Defendants have not met their burden to establish diversity jurisdiction. Dkt. 15.

### II. Summary of Allegations

#### A. Allegations of the Complaint

The crux of Plaintiff's allegations is that in August 2013, Plaintiff purchased a 2013 Ford F-150 manufactured by Ford Motor which developed a variety of defects during the warranty period, including defective airbags and problems with the engine, battery, coolant gauge, and transmission. Dkt. 1-2 ¶¶ 8-9. Plaintiff alleges that Ford Motor was unable to service or repair the vehicle to conform to the applicable express warranties after a reasonable number of opportunities. *Id.* ¶ 10.

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-06866-SVW-FFM | Date | 11/13/19 |
|---|---|---|---|
| Title | *Hermila Perez v. Ford Motor Company et al* | | |

### B. Allegations Related to Removal

Defendants allege removal jurisdiction based on complete diversity of the parties. Ford Motor is a citizen of Delaware and Michigan. Dkt. 1 ¶ 22. Ford Motor removed the action alleging that Plaintiff is a citizen of California. *Id.* ¶ 21. Fremont Ford is also alleged to be a citizen of California. *Id.* ¶ 23. However, Ford Motor alleges that Fremont Ford has been fraudulently joined only to defeat diversity jurisdiction. *Id.* ¶ 24.

## III. Legal Standard

United States federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Consequently, a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Due to this presumption, federal courts must exercise "prudence and restraint" when considering the propriety of removal. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). Thus, "[i]f a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). "The removing defendant bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" *Id.* (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)).

## IV. Analysis

Ford Motor contends in its Notice of Removal and Opposition that because Fremont Ford was fraudulently joined, none of the causes of action asserted in this lawsuit state a claim against Fremont Ford. Dkt. 1 ¶ 25-30. Therefore Ford Motor asserts that diversity jurisdiction exists under 28 U.S.C. § 1332 when Fremont Ford's citizenship is disregarded, so this case should not be remanded to state court. Dkt. 20 at 1.

Plaintiff contends that Defendants have failed to meet their burden to establish diversity

jurisdiction because they have not established that Fremont Ford is fraudulently joined. Plaintiff asserts that (1) her claim for breach of implied warranty of merchantability can be brought against Fremont Ford, (2) Ford Motor has not established that the amount in controversy exceeds $75,000, and (3) that Ford Motor has not established that Plaintiff is a citizen of California. Dkt. 15-1 at 13-17.[1]

Only if a court finds that a defendant was fraudulently joined simply to defeat complete diversity and the defendant "cannot be liable on any theory" may the court disregard the citizenship of the "sham" defendant for removal purposes. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (stating that fraudulent joinder occurs where a plaintiff's failure to state a claim is "obvious according to the settled rules of the state"); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) ("[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.") (emphasis added). Furthermore, the Ninth Circuit has held that a defendant is not fraudulently joined as long as any "deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *GranCare, LLC v. Thrower by & Through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).

Plaintiff does not dispute that her other four claims, which create liability under California's Song-Beverly Act solely against a manufacturer (not Fremont Ford) and the express warranty between Plaintiff and Ford Motor, do not create a cause of action against Fremont Ford. Dkt. 15-1, at 6-7; Dkt. 1-2. Therefore, if Fremont Ford "cannot be liable on any theory" for the implied warranty claim, removal on the basis of complete diversity was proper and Plaintiff's motion should be denied. *Ritchey*, 139 F.3d at 1318.

> **a.** *Whether Plaintiff has stated a claim against Fremont for a breach of implied warranty under Cal. Civ. Code § 1791.1 and § 1794.*

The crux of Ford Motor's argument is that Plaintiff's claim against Fremont Ford is time-barred given the relevant statute of limitations for an implied warranty claim. Plaintiff purchased her vehicle in

---

[1] The Court does not deem it necessary to address Ford Motor's other arguments regarding Fed. R. Civ. Proc. 21 and Fremont Ford's alleged status as a "dispensable party" given the fraudulent joinder analysis in this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-06866-SVW-FFM | Date | 11/13/19 |
|---|---|---|---|
| Title | *Hermila Perez v. Ford Motor Company et al* | | |

2013, and her lawsuit was filed in July 2019. Dkt. 1-2. Ford Motor asserts that California Commercial Code § 2725 provides that an action for breach of any contract for sale must be commenced within four years after the cause of action accrues, and that because § 2725(2) states that the cause of action accrues when breach occurs, and breach generally occurs upon delivery, any claim by Plaintiff against Fremont Ford is time-barred. Dkt. 1, ¶¶ 33-34. Plaintiff contests this on three separate grounds— first that the delayed discovery rule should apply to toll the expiration of the statute of limitations, then that the repair doctrine should apply to toll the expiration, and finally that equitable doctrines related to fraudulent concealment mean the claim against Fremont Ford is not time-barred. Dkt. 15-1.

   **i.** *Application of the Delayed Discovery Rule*

Plaintiff asserts that Cal. Comm. Code § 2725(2), coupled with the holding of *Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205 (1991), operates to toll the statute of limitations on the implied warranty claim. Dkt. 15-1, at 9-11. Section 2725(2) states that a cause of action accrues when tender of delivery is made, but "where a warranty <u>explicitly extends to future performance of the goods</u> and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered." Cal. Comm. Code § 2725(2) (emphasis added). In *Krieger*, the court held that an *express* warranty under § 2725(2) accrues when a party reasonably knows that breach has occurred, rather than upon delivery. 234 Cal. App. 3d at 218. Plaintiff argues that the statute of limitations for an implied warranty claim should also not run until the alleged defect is discovered. Dkt. 15-1 at 9.

As noted by another Ninth Circuit district court in a recent decision, Plaintiff's argument here ignores the express text of ¶ 2725(2), which states that the discovery rule applies only to a warranty that "explicitly extends" to future performance. *See Covarrubias v. Ford Motor Co.*, 2019 WL 2866046, at *4 (N.D. Cal. July 3, 2019). "Because an implied warranty is one that arises by operation of law rather than by an express agreement of the parties, courts have consistently held it is not a warranty that 'explicitly extends to future performance of the goods ....'" *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116, 134, 87 Cal. Rptr. 3d 5, 19–20 (2008) (collecting cases). Finding the decision in *Krieger* an "outlier", this Court determines that an implied, unwritten warranty does not "explicitly extend to future performance", and therefore does not operate to extend the statute of limitations for an implied warranty cause of action against Fremont Ford. *See Philips v. Ford Motor Co.*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-06866-SVW-FFM | Date | 11/13/19 |
|---|---|---|---|
| Title | *Hermila Perez v. Ford Motor Company et al* | | |

2016 WL 1745948, at *12-13 (N. D. Cal. May 3, 2016) (drawing the same conclusion with regard to delayed discovery, although ultimately finding that tolling via fraudulent concealment allegations requires remand).

The Court also notes for Plaintiff's benefit that this argument was raised by Ford Motor in its Notice of Removal, contrary to Plaintiff's assertion in their Reply. *Compare* Dkt. 1 at 32-36, *with* Dkt. 22 at 5.

    **ii.** *The Repair Doctrine*

Plaintiff also asserts that § 1795.6 of the California Civil Code applies to toll the warranty period, because subsection (b) tolls the relevant statute of limitations while repairs are attempted. Dkt. 15-1 at 12-13. But this argument drastically overstates the breadth of this statute, as explained in detail in *Covarrubias*. 2019 WL 2866046, at *4. As explained in subsection (a)(1), the automatic tolling period only extends a warranty for the "time of repairs or service", rather than tolling any statute of limitations indefinitely. Subsection (b)'s continued tolling period also requires notification to the repairing party, which Plaintiff did not allege in her initial complaint. Dkt. 1-2. "However, as courts have repeatedly emphasized, "[t]he standard for demonstrating fraudulent joinder is a high one, and the relevant question is whether it is *possible* for Plaintiff to state a claim ..., not whether it has been sufficiently pled." *Covarrubias v. Ford Motor Co.*, 2019 WL 2866046, at *4 (N.D. Cal. July 3, 2019) (citing *Cavale v. Ford Motor Co.*, 2018 WL 3811727, at *3 (E.D. Cal. Aug. 9, 2018)). But here, Plaintiff's August 2013 purchase would have resulted in expiration of the implied warranty a year later in August 2014, and Plaintiff did not file suit until July 2019. Dkt. 1-2, at 7. Therefore the vehicle in question would have needed to have been under repair for multiple years to sufficiently toll the implied warranty, "an implausible proposition…[that] was not pled nor can it be reasonably inferred." *Covarrubias*, 2018 WL 3811727, at *5.

    **iii.** *Fraudulent Concealment and Equitable Tolling*

Plaintiff also asserts that equitable tolling, on the basis that the defects alleged here were fraudulently concealed by Ford, should operate to prevent a finding of fraudulent joinder.[2] Dkt. 15-1, at

---

[2] Plaintiff makes vague reference to other doctrines of equitable tolling under California law, which are not sufficiently

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-06866-SVW-FFM | Date | 11/13/19 |
|---|---|---|---|
| Title | *Hermila Perez v. Ford Motor Company et al* | | |

13-14. While courts generally agree that fraudulent concealment tolling applies to claims under the Song-Beverly Act, a plaintiff must (1) plead with particularity the facts giving rise to the fraudulent concealment claim and (2) demonstrate that he or she used due diligence in an attempt to uncover the facts*." Phillips*, 2016 WL 1745948, at *14; *see also Covarrubias*, 2018 WL 3811727, at *5. Here, Plaintiff's complaint does not use the word "fraud" or the phrase "fraudulent concealment", and includes no allegations whatsoever that sound in fraud, making it impossible to conclude that the doctrine of fraudulent concealment operates to toll Plaintiff's implied warranty claim. *See generally* Dkt. 1-2. The Court also notes that the vast majority of the cases Plaintiff relies on did include pleadings related to the issue of fraudulent concealment or the defendant's knowledge and concealment of defects. *See Cavale v. Ford Motor Co.*, 2018 WL 3811727, at *3; *Philips*, 2016 WL 1745948, at *14; *Jimenez v. Ford Motor Co.*, 2018 WL 2734848, at *2 (C.D. Cal. June 5, 2018).

    **b.** *Whether Ford Motor has demonstrated that the amount in controversy exceeds $75,000.*

    Plaintiff also argues that Ford Motor has not established that the amount in controversy exceeds $75,000, as it must to create diversity jurisdiction under 28 U.S.C. § 1332. Where it is unclear or ambiguous from the face of the state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

    Plaintiff's complaint asserts both that they "suffered damages in a sum to be proven at trial but not less than $25,000.00", and "seeks the remedies provided in California Civil Code Section 1794(b)(1), including the entire contract price." Dkt. 15-1, ¶¶ 12, 19 (emphasis added). Defendant has provided a declaration that includes the original sales contract with a listed price of $48,217.28. Dkt. 21-1. This evidence, coupled with Plaintiff's request for both attorney's fees and "a civil penalty of two times Plaintiff's actual damages" suffices to establish to the Court that by a preponderance of the evidence the amount in controversy exceeds $75,000. Dkt. 1-2 ¶ 14. Plaintiff's reference to *Edwards v. Ford Motor Co.*, 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016) is distinguishable because that defendant failed to produce "any facts that would allow the Court to determine the amount of actual

---

articulated in Plaintiff's briefing for this Court to address here. Dkt. 15-1, at 13.

 

:     

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-06866-SVW-FFM | Date | 11/13/19 |
|---|---|---|---|
| Title | *Hermila Perez v. Ford Motor Company et al* | | |

damages Plaintiff seeks to recover." *Id.* Ford Motor has provided adequate evidence via the original sales contract, thus carrying its burden here.

    **c.** *Whether Plaintiff is a citizen of California.*

At the hearing on this motion held on October 7, 2019, counsel for the Plaintiff stated on the record that Plaintiff is both a California resident, and a California citizen. Dkt. 23. Therefore this issue is no longer in dispute for the purposes of this motion.

**V. Conclusion**

For the reasons articulated above, the Court determines that Fremont Ford has been fraudulently joined, and that without it, the parties are completely diverse and the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332. Therefore, Plaintiff's motion to remand is DENIED.

                                                                                                                                                                           :      

Initials of Preparer     PMC